UNITED STATES of America,
Appellee,

v.

John HODGE, Defendant–Appellant.

No. 03–1573.

United States Court of Appeals,
Second Circuit.

July 14, 2004.

Barry D. Leiwant, Legal Aid Society, Federal Defender Division for the Southern District of New York, New York, NY, for Appellant Hodge.

Ben Lawsky, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY, for the United States.

Present: MINER, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order be **AFFIRMED**.

Hodge, charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), moved to instruct the jury on the defense of justification. On February 24, 2003, after hearing the testimony of Hodge's witness, George Talvera, the district court rejected this motion. Talvera testified that a group of men allegedly attacked him and, as he was getting away, gun shots were fired. After turning

around, Talvera saw Hodge with the gun, the group dispersed, and Hodge and Talvera walked away until they were apprehended by the authorities. The court found that Talvera's testimony failed to establish: (1) when and how Hodge intervened in the altercation; (2) whether Hodge recklessly placed himself in a situation where he would be forced to engage in criminal conduct; (3) whether other legal alternatives existed; and (4) whether there was a direct causal relationship between the criminal act and the avoidance of the threatened harm.

■ We assume, without deciding, that the Supreme Court's decision in *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 490, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001), did not affect the availability of a justification defense for a felon charged with unlawfully possessing a firearm. The applicable standard of review is *de novo* because the district court held that, as a matter of law, the evidence submitted by Hodge was insufficient to warrant the presentation of a justification defense. *United States v. Gaviria*, 116 F.3d 1498, 1531 (D.C.Cir.1997); *cf. United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir.2004). Although under some circumstances, this court has applied an "abuse of discretion" standard to review the factual basis of a proffered defense, *see, e.g., United States v. Hurtado*, 47 F.3d 577, 584–85 (2d Cir.1995) (per curiam), because Hodge's defense would have failed under either standard, we need not pause to distinguish those cases.

■ In order to set forth a justification defense, the following four elements must be satisfied: (1) the defendant was under an unlawful and present threat of death or serious bodily injury; (2) the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3)

the defendant had no reasonable legal alternative to violating the law; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *See United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir.2000); *see also United States v. Smith*, 160 F.3d 117, 123 (2d Cir.1998) (citing Model Penal Code § 3.02). The district court considered these elements and correctly found that the evidence presented by Hodge at the pre-trial evidentiary hearing was insufficient. There was no evidence of how or why Hodge arrived at the altercation, or how Hodge wrestled possession of the gun away from the alleged assailant, especially since the assailant had roughly five to six men surrounding him. There was no evidence indicating whether there were any legal alternatives to Hodge obtaining the gun, and by the time Hodge seized the gun, Talvera had broken free and started running away.

Because Hodge failed to bear his burden of submitting evidence sufficient to warrant the presentation of this affirmative defense, *see Deleveaux*, 205 F.3d at 1297–98 ("this limited justification defense does not negate any element of § 922(g)(1), but is an affirmative defense to § 922(g)(1)") (citations omitted); *cf. Smith*, 160 F.3d at 121–22 (justification defense does not undermine an element of a felon-in-possession conviction), we find that the district court did not err in excluding this defense.

We therefore AFFIRM.