Thomas SHARPE, M.D.,
Plaintiff–Appellant,

v.

Charles P. CONOLE, Robert Leader, R. Mike Lawler, Virgilio Rigor, Donald Schuessler, M.D., Janusz Mroz, M.D., Steve Burkhart, M.D., Suny Syracuse Health Science Center, NYS Dept of Health, Barbara Debuono, M.D., Commissioner, Martha Ellen, also known as Martha Allen, Watertown Daily

Times, Vijay Kumar, M.D., and Judith J. Choate, Administratrix of the Estate of John W. Choate, Defendants–Appellees,

John W. Choate, Defendant.

Docket Nos. 01–7044, 01–9019.

United States Court of Appeals, Second Circuit.

Argued March 4, 2004.

Decided Oct. 15, 2004.

Thomas Sharpe, pro se.

Andrea Oser, Assistant Solicitor General for the State of New York (Eliot Spitzer, Attorney General of the State of New York; Caitlin J. Halligan, Solicitor General; Daniel Smirlock, Deputy Solicitor General), Albany, New York, for Defendants–Appellees Suny Syracuse Health Science Center, NYS Dept. of Health, Barbara DeBuono, M.D., Steve Burkhart, M.D., and Judith J. Choate, and Defendant John W. Choate.

Mark J. Schulte, Hancock & Estabrook, LLP, Syracuse, New York, for Defendants–Appellees Charles P. Conole, Robert Leader, Virgilio Rigor, Donald Schuessler, M.D., Vijay Kumar, M.D., R. Mike Lawler, and Janusz Mroz, M.D.

S. Paul Battaglia, Bond, Schoeneck & King, LLP, Syracuse, New York, for Defendants–Appellees Martha Ellen and Watertown Daily Times.

Before: WALKER, Chief Judge, LEVAL, Circuit Judge, and GLEESON, District Judge.[1]

GLEESON, District Judge.

Pro se plaintiff Thomas Sharpe appeals from the district court's judgment dismissing his action. The complaint under the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248 ("FACE Act"), was based on various alleged acts of the defendants, including harassment of Sharpe and his patients, interference with patient care and education, suspension of Sharpe, and revocation of his medical license. For the reasons stated below, the judgment of the district court is affirmed.

## BACKGROUND

Sharpe was a physician specializing in obstetrics and gynecology at E.J. Noble Hospital (the "Hospital"), in Gouverneur, New York, beginning in 1994. On May 22, 1996, Sharpe's privileges were suspended at the Hospital pending a New York State Department of Health investigation. Sharpe appealed the suspension in state court. After an administrative review by the state court, Sharpe's privileges were permanently suspended and he surrendered his license to practice medicine in New York on June 11, 1997.

Sharpe then brought this action, alleging that, on various occasions, the defendants violated the FACE Act, and conspired to do so, by, inter alia, (1) interfering with his ability to perform amniocenteses and ultrasounds, and his ability to properly care for his patients; (2) stealing or misdirecting patient records; (3) preventing childbirth education at the Hospital; (4) blocking Sharpe's access to his patients and the hospital, including equipment and staff necessary for training, and blocking his patients' access to the hospital for reproductive care and testing; (5) stalking and harassing his patients, including pressuring them to transfer to other physicians; (6) coercing the medical staff to drop objections to the obstruction of medical care in the Hospital; (7) retaliating against him for his official complaints and/or suppressing complaints; and (8) causing him to be removed from the medical staff at the Hospital.

## DISCUSSION

I.  *The Standard of Review*

We review the district court's grant of defendants' motions to dismiss and for

---

1.  The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

summary judgment de novo. *E.g., Brody v. Vill. of Port Chester,* 345 F.3d 103, 108 (2d Cir.2003) (summary judgment). Because Sharpe's complaint was filed pro se, we construe it broadly and interpret it to raise the strongest arguments it suggests. *E.g., Weixel v. Bd. of Educ.,* 287 F.3d 138, 146 (2d Cir.2002). For purposes of the motions to dismiss, we accept as true the allegations in Sharpe's complaint. *E.g., Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 672–73 (2d Cir.1995). As to summary judgment, in determining whether a genuine issue of material fact exists, we resolve all ambiguities and draw all factual inferences in favor of Sharpe. *E.g., Richardson v. N.Y. State Dep't of Corr. Serv.,* 180 F.3d 426, 436 (2d Cir.1999).

## II. *The FACE Act Claim*

We have carefully reviewed Sharpe's contentions on appeal and find them to be without merit. We write only to address the motivation required by the FACE Act. In granting summary judgment for the defendants on December 7, 2000, the district court held that to state a claim under the FACE Act, Sharpe had to allege, inter alia, that the defendants intentionally used force to obstruct access to a reproductive health facility "because the interfered-with person is or has been obtaining or providing reproductive health services, or in order to intimidate such person or any other person or class of persons from obtaining or providing reproductive health services." *Sharpe v. Conole,* 123 F.Supp.2d 87, 88 (N.D.N.Y.2000). In so holding, the district court rejected Sharpe's argument that the only intent required to state a claim under the FACE Act was the intent to obstruct and interfere. *Id.* at 89.

■ The FACE Act provides that whoever

by force or threat of force or by physical obstruction, intentionally injures, intimi-

dates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services ... shall be subject to the penalties [provided for in the Act].

18 U.S.C. § 248(a)(1). Therefore, by its very terms, the FACE Act requires that a defendant act *because* the interfered-with person was seeking, obtaining, or providing, or had obtained or provided, or might obtain or provide, reproductive health services. The intent to injure, intimidate, or interfere is a separate intent requirement that must also be proved by a FACE Act plaintiff. But that intent alone will not suffice to make out a claim under § 248(a)(1) without a showing that the intent to injure, intimidate, or interfere existed because of the motivation specified by the statute. Our precedent is consistent with this plain reading of the statute. *See New York v. Operation Rescue Nat'l,* 273 F.3d 184, 194 (2d Cir.2001) (noting no dispute that defendant's actions were "motivated by the fact that the clinics provide[d] reproductive health services"); *United States v. Weslin,* 156 F.3d 292, 298 (2d Cir.1998) ("No matter what their ultimate purpose in blockading the clinic may have been, the defendants do not deny—nor could they plausibly deny—that they meant to block the entrances to the Planned Parenthood clinic ... and that they did so because they wished to prevent the clinic from performing abortions.").

■ Here, Sharpe did not allege that the defendants obstructed or interfered with his provision of reproductive services because Sharpe provided such services. Sharpe's claim under § 248(a)(1) must therefore fail.

## CONCLUSION

For the foregoing reasons, the judgment is affirmed.