07-2797-cr
USA v. Kopp

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

––––––––––––––

August Term, 2008

(Argued: February 26, 2009                    Decided:  April 6, 2009)

Docket No. 07-2797-cr

––––––––––––––

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

JAMES CHARLES KOPP,

*Defendant-Appellant.*

––––––––––––––

B e f o r e:

KEARSE,  KATZMANN, *Circuit Judges*, and CHIN, *District Judge.**

––––––––––––––

Appeal from a judgment of conviction filed on June 22, 2007, after a jury trial in the United States District Court for the Western District of New York (Arcara, *C.J.*), sentencing the defendant-appellant to a term of life imprisonment for violating 18 U.S.C. § 248, and a term of imprisonment of ten years, to be served consecutively, for violating 18 U.S.C. §§ 924(c) and (j). AFFIRMED.

––––––––––––––

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

BRUCE R. BRYAN, Syracuse, N.Y., *for Defendant-Appellant*.

James C. Kopp, *pro se*.

KATHLEEN M. MEHLTRETTER, Assistant United States Attorney, *for* Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., *for appellee*.

_____

PER CURIAM:

Defendant-appellant James C. Kopp appeals from a judgment of conviction, filed on June 22, 2007, following a jury trial in the United States District Court for the Western District of New York (Arcara, *C.J.*), sentencing him principally to a term of life imprisonment for intentionally inflicting on a person, because that person was a provider of reproductive health services, an injury resulting in death, in violation of 18 U.S.C. § 248; and a term of imprisonment of ten years, to be served consecutively, for carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (j).

Appellant raises at least eleven points in this appeal, some of which are presented in a brief filed by his counsel and some of which are contained in a brief he filed *pro se*. The issues we address below are the only ones that warrant detailed discussion.

Appellant, who in 2003 was convicted in state court of second-degree murder based on the same killing that is at issue in this case, argues first that the district court erred by allowing into evidence the statements he made to the reporters from the *Buffalo News* and to the state trial court during sentencing, contending that those statements were made when he was being represented by conflicted counsel in the state-court proceedings. He concedes, however, that his

2

motion to suppress those statements was untimely. A party waives its ability to move to suppress evidence if it fails to do so by the pre-trial deadline set by the court, except that the district court may grant relief from that waiver "[f]or good cause." Fed. R. Crim. P. 12(e). We review a district court's denial of relief from a Rule 12(e) waiver for abuse of discretion or clear error. *See United States v. Crowley*, 236 F.3d 104, 110 (2d Cir. 2000).

Appellant attempts to justify the untimeliness of his motion to suppress on the ground that he did not know at the time he withdrew his first motion that the district court would permit the government to introduce his statements in redacted form. Appellant's choice to withdraw his original motion, however, was a quintessential strategic decision, as he withdrew that motion with the intention of getting the entirety of his statements, which included both self-serving exculpatory and non-relevant passages, in front of the jury. The fact that he later came to view that decision as a poor one is not sufficient, by itself, to establish cause. *See United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) ("A strategic decision by counsel not to pursue a claim . . . [is] insufficient to establish 'cause.'"). Further, Appellant's motion to suppress was premised on his having been represented by conflicted counsel, Bruce Barket, and Barket's alleged dealings with the government in securing benefits for another client at the time. *See* Appellant's Br. at 32-40. In fact, however, although Appellant was allowed by the state court to have Barket represent him in the state-court proceedings, the district court denied Appellant's motion to have Barket substituted as his counsel in the present case. Consequently, Appellant never was represented by Barket in the federal proceedings. It was, of course, beyond the province of the federal district court to determine who could represent Appellant in the state-court proceedings. *Cf. Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (noting that "'under the principle known as

3

comity a federal district court has no power to intervene in the internal procedures of the state courts'" (quoting *Wallace v. Kern*, 520 F.2d 400, 405 (2d Cir. 1975))), *cert. denied*, 549 U.S. 1280 (2007).  Given the district court's rejection of Appellant's attempt to have Barket represent him in the present case, Appellant's successful state-court motion to have Barket represent him in the state proceedings provides no valid basis for a claim for relief from the Rule 12(e) waiver in the present case.

But even assuming that Appellant could establish cause, he has failed to show how he was prejudiced by the denial of his suppression motion.  *See Crowley*, 236 F.3d at 110 n.8 (noting that a party can overcome a Rule 12(e) waiver "only by a showing of cause *and prejudice*").  Appellant testified in his own defense and admitted to the jury that he shot Dr. Slepian and explained how he planned and carried out that act.  In substance, this was the content of the statements he sought to have suppressed.

Appellant argues next that the district court erred when it granted the government's motion to introduce his statements in redacted form, because the rule of completeness mandated that the statements be introduced in their entirety.  The rule of completeness provides that "even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (alteration and internal quotation marks omitted), *cert. denied*, 128 S. Ct. 1750 (2008); *see* Fed. R. Evid. 106.  The rule "does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999).

4

Appellant argues that the redacted portions of his statements should have been admitted because they "have a bearing on *mens rea*,"*see* Appellant's Br. at 42-43, i.e., they were necessary to explain that he did not intend to kill Dr. Slepian. Whether Appellant intended to kill Dr. Slepian, however, is irrelevant. Section 248 requires only that Appellant have acted with intent to *injure* Dr. Slepian *because* he had provided reproductive health services. *See* 18 U.S.C § 248(a)(1); *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004). And although the death of Dr. Slepian was relevant to the *punishment* permitted by § 248, as the statute allows for a sentence of life imprisonment "if death results," 18 U.S.C. § 248(b), the statute does not require that the death have been the *intended* result. Moreover, Section 924(j) requires only that the government prove that Appellant acted with malice, i.e., that he demonstrated a "heightened disregard for human life" when he shot Dr. Slepian. *See United States v. Velazquez*, 246 F.3d 204, 214-15 (2d Cir. 2001); *see also id.* at 214 (noting that the government can carry this burden by showing that a defendant "act[ed] with awareness of 'a serious risk of death *or serious bodily harm*.'" (quoting *United States v. Milton*, 27 F.3d 203, 206 (6th Cir. 1994))). The redacted portions of Appellant's statements, which Appellant argues "unequivocally demonstrated that he *did not intend to kill* Dr. Slepian," Appellant's Br. at 45 (emphasis added), thus had no bearing on the jury's consideration of either statute.[1]

---

[1] Assuming *arguendo* that the district court erred in redacting the statements, no prejudice resulted from that error. *See United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005). Appellant introduced ample evidence that he did not intend to kill Dr. Slepian, including one of the statements that the district court had redacted, in which Appellant told the news reporters, "The truth is not that I regret shooting Dr. Slepian, I regret that he died. I aimed at his shoulder, the bullet took a crazy ricochet, and that's what killed him. One of my goals was to keep Dr. Slepian alive and I failed at that goal." Further, Appellant was able to present the substance of the redacted portions to the jury when he took the stand.

Appellant argues in his *pro se* brief that the district court erred when it (1) precluded him from asserting a justification defense based on his contention that "he was acting to save the lives of innocent 'third party' children" by preventing abortions, Appellant's *Pro Se* Br. at 2, and (2) instructed the jury that it was not to consider a justification defense when evaluating whether Appellant acted unlawfully. Neither argument has any merit.

As an initial matter, this Court never has articulated the elements of a justification defense in the context of § 248, and indeed "'[i]t is an open question whether federal courts ever have authority to recognize a necessity defense not provided by statute.'" *United States v. White*, 552 F.3d 240, 246-47 (2d Cir. 2009) (quoting *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 490 (2001)). But even assuming *arguendo* that a justification defense was available as a general matter, the district court nonetheless was entitled to preclude that defense if "'the evidence in support of such a defense would be legally insufficient.'" *United States v. Williams*, 389 F.3d 402, 404 (2d Cir. 2004) (quoting *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990)). We review *de novo* the district court's decision that the evidence is insufficient to warrant the presentation of a justification defense. *See United States v. Hodge*, 103 F. App'x 686, 687 (2d Cir. 2004).

It is plain that the evidence presented in this case was wholly insufficient to support either a "necessity" or "defense of others" justification defense under any reasonable articulation. *See, e.g., United States v. Turner*, 44 F.3d 900, 902 (10th Cir. 1995); *Zal v. Steppe*, 968 F.2d 924, 929 (9th Cir. 1992); *Ne. Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1352 (3d Cir. 1989); *cf. White*, 552 F.3d at 247 (assuming the availability of a necessity defense in the context of 18 U.S.C. § 922(g)(1) and articulating the elements of that defense); *United States v. Smith*, 160

6

F.3d 117, 123 n.3 (2d Cir. 1998) (discussing the *Model Penal Code*'s articulation of the elements of a necessity defense in the context of § 922(g)).

Appellant's challenge to the manner in which the district court charged the jury similarly is to no avail. The district court stated that "[a]n act is done unlawfully if it is done without justification or excuse. In this case, I have found as a matter of law that there is no basis for a justification defense to be considered by you in determining whether the defendant acted unlawfully." This instruction did not take the question of whether Appellant acted unlawfully out of the jury's hands. Rather, it merely prevented the jury from concluding that Appellant had not acted unlawfully based upon a defense that was not legally warranted by the evidence.

We have considered all of Appellant's arguments on this appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.