**UNITED STATES of America, Appellant,**

v.

**Francis CROWLEY and Steven Valjato, Defendants– Appellees.**

**No. 00–1149.**

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 2000.

Decided Dec. 26, 2000.

Debra D. Newman, Assistant United States Attorney for the Eastern District of New York (Loretta E. Lynch, United States Attorney, David C. James and Cynthia Monaco, Assistant United States Attorneys, of counsel), for Appellant.

Edward M. Shaw, New York, NY, for Defendant–Appellee Francis Crowley.

Thomas F. Liotti, Garden City, N.Y. (Floyd T. Ewing, III, of counsel), for Defendant–Appellee Steven Valjato.

Before WALKER, CABRANES and PARKER, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

We review a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) granting defendants' motion for a new trial on the ground that the charging indict- ment was insufficiently particular and, in the alternative, on the ground that a requested voluntary intoxication jury charge should have been read to the jury. We consider the questions of whether a defendant raises a pretrial objection to the specificity of an indictment, as required by Federal Rule of Criminal Procedure 12(b)(2),[1] by asserting in general terms that the indictment is vague or insufficiently specific; and whether a requested jury charge relating to voluntary intoxication should be read to the jury when evidence is presented at trial that suggests that a defendant was too intoxicated to form the specific intent required to commit the crimes with which he was charged. We hold that to raise a pretrial objection to the specificity of an indictment within the meaning of Rule 12(b)(2), a defendant must apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required. In addition, we hold that a requested voluntary intoxication charge should be read to the jury when there is some foundation in the evidence presented at trial for the conclusion that a defendant was too intoxicated to form the specific intent required to commit the charged crime.

Accordingly, we reverse the judgment of the District Court insofar as it rested on the ground that the indictment was insufficiently specific, and affirm the judgment insofar as it rested on the ground that the requested jury charge should have been given.

---

1. In relevant part, Rule 12(b) reads as follows:

   **Rule 12. Pleadings and Motions Before Trial; Defenses and Objections**

   .    .    .    .    .

   **(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

   . . .

   **(2)** Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);

   . . .

## I.

We set forth below, in the light most favorable to the government, the evidence presented in support of the charges against defendants-appellees Francis Crowley and Steven Valjato.

During the night of September 27, 1997, Crowley, a midshipman at the United States Merchant Marine Academy in Kings Point, New York, entered the room of a fellow midshipman, Stephanie Vincent. Over Vincent's persistent protests, Crowley held her down; fondled her breasts; and touched her vagina, unsuccessfully attempting to place his finger inside of it. Crowley subsequently called for another midshipman, Valjato, to enter Vincent's room. Both Crowley and Valjato then repeatedly asked Vincent to permit them to perform oral sex on her. *See United States v. Crowley*, 79 F.Supp.2d 138, 145–46 (E.D.N.Y.1999) (describing Crowley and Valjato as "beg[ging]" Vincent and "hound[ing]" her). She refused, and the men left her room.

By an indictment returned on January 21, 1999 ("the indictment"), a grand jury in the Eastern District of New York charged Crowley and Valjato with, *inter alia*, attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) (Count One), and attempted sexual abuse in violation of 18 U.S.C. § 2242(1) (Count Two).[2] Valjato then filed a motion to, *inter alia*, "dismiss the indictment as vague."[3] The District Court denied the motion on June 10, 1999 in an oral ruling from the bench.

A jury trial began on July 7, 1999 before Judge Seybert, and two days later Crowley and Valjato requested a voluntary intoxication jury charge ("the charge" or "the requested charge")—that is, a charge that "if you [the jury] find that the defendant was intoxicated, you may conclude that the defendant did not have the required intent." *Crowley*, 79 F.Supp.2d at 163 (internal quotation marks omitted). The District Court declined to give the charge, and on July 15, 1999 the jury convicted both Crowley and Valjato on Counts One and Two of the indictment.

Defendants then moved for a judgment of acquittal or, in the alternative, for a new trial ("the motion"). The District Court granted the motion for a new trial, and dismissed the indictment on the ground that it violated the Grand Jury Clause of the Fifth Amendment of the United States Constitution[4] because it failed to specify which of the "sexual act[s]" defined in 18 U.S.C. § 2246(2) Crowley and Valjato allegedly attempted to commit. *Id.* at 154–61. As an alternative basis for granting

---

**2.** Under § 2241, a person commits a crime when he attempts to "knowingly cause[] another person to engage in a sexual act . . . by using force against that other person." 18 U.S.C § 2241(a)(1). Under § 2242, a person commits a crime when he attempts to "knowingly . . . cause[] another person to engage in a sexual act by threatening or placing that other person in fear." 18 U.S.C. § 2242(1). For the purposes of both sections, "sexual act" means:

 (**A**) contact between the penis and the vulva or the penis and the anus . . .;
 (**B**) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
 (**C**) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
 (**D**) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

**3.** Crowley joined the motion "to the extent that the same apply to him." *See post* n. 7.

**4.** The Grand Jury Clause reads: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V. We have observed that the Grand Jury Clause, *inter alia*, "protect[s] against prosecution for crimes based on evidence not presented to the grand jury." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir.1999).

the motion, the District Court held that defendants were entitled to the requested charge because there was a basis for it in the evidence presented at trial.[5] *See id.* at 163–66. The District Court entered judgment accordingly and, after the government's motion for reconsideration was denied, its timely appeal followed.

## II.

### A.

The government argues that the District Court erred in granting the motion on the ground that the indictment was insufficiently specific because: (1) defendants waived their objection to the indictment's lack of specificity by not raising it before trial; (2) to satisfy the Fifth Amendment, the indictment did not need to define the particular "sexual act[s]" with which defendants were charged; and (3) if the indictment was defective, its defects did not prejudice defendants. Because we agree with the government's first argument, we do not reach its second and third arguments.

■ Federal Rule of Criminal Procedure 12(b)(2) explicitly provides that a claim that an indictment is insufficiently specific "must be raised prior to trial."[6] This mandate is no mere pleading technicality. Rather, it serves a number of important purposes, including deterrence of gamesmanship—Rule 12(b)(2) prevents a defendant from deciding whether to object to an indictment's purported lack of specificity based solely on whether he is convicted or acquitted—and insuring that indictments are not routinely challenged

(and dismissed) after the jury has been seated and sworn, a result that would waste jurors' time and force courts frequently to confront complex Double Jeopardy questions. As the Supreme Court has observed,

> If [the] time limits [of Rule 12(b)(2)] are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses, and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction at a time when reprosecution might well be difficult.

*Davis v. United States,* 411 U.S. 233, 241, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973).

The purposes of Rule 12(b)(2) would not be served—indeed, they would be subverted—if a defendant could "raise" a specificity challenge merely by including generic, boilerplate objections to the indictment in his pretrial motion papers. If such were the case, a defendant could baldly assert in a pretrial motion to dismiss that the indictment by which he was charged was insufficiently particular. Assuming that the motion was not granted, the trial would then begin and the defendant would have the

---

**5.** The District Court noted that "in the event that the indictment is ordered to be reinstated by an appellate court, the failure to instruct the jury on voluntary intoxication nevertheless would entitle the defendants to retrial under the present indictment." *Id.* at 166 n. 18.

**6.** By contrast, a claim that an indictment does not charge an offense may be raised at any time, and may be considered by a court *sua sponte. See* Fed.R.Crim.P. 12(b)(2). Here,

Counts One and Two of the indictment, which closely track the language of 18 U.S.C. § 2241(a)(1) and 18 U.S.C. § 2242(1) respectively, plainly charge an offense. *See, e.g., United States v. Pirro,* 212 F.3d 86, 92 (2d Cir.2000) ("[W]e have consistently upheld indictments that do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." (internal quotation marks omitted)).

luxury of hedging his bets: If he were convicted, he could file a motion for a new trial that fleshed out the objection that he had already "raised" in his pretrial motion, and hope that a new jury (and ultimately a new grand jury) would look more favorably upon his case. Such hedging of bets would cause precisely the mischief that Rule 12(b)(2) seeks to prevent: It would trivialize the criminal justice system by treating juries as tradeable gamepieces, and would waste a great deal of time by permitting defendants to substantiate their arguments for the first time *after* their trial is completed.

■ Accordingly, we hold that in order to raise a challenge to the specificity of an indictment within the meaning of FED. R.CRIM.P. 12(b)(2), a defendant must do more than assert in general terms that the indictment by which he or she was charged is vague or insufficiently specific. Rather, the defendant must apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required.

■ In this case, a pretrial memorandum of law filed by Valjato in support of a motion to, *inter alia*, "dismiss the indictment as vague" ("pretrial memorandum"), stated that "[t]he indictment in this case is unconstitutionally vague in that it fails to provide specific facts that would essentially exculpate Mr. Valjato. It should again be noted that in [a] State case [that involved the alleged attack on Vincent], Mr. Valjato was offered a misdemeanor non-sex plea based upon the same facts and circumstances that the federal court now has before it."[7] By Valjato's inclusion of these sentences in his pretrial memorandum, he and Crowley did not raise a challenge to the specificity of the indictment.

Valjato failed to identify any terms in the indictment that were too vague or general, and he did not explain which "specific facts" were missing from the indictment that should have been included there. Moreover, Valjato's reference to a misdemeanor plea bargain assertedly offered by State authorities is neither illuminating nor relevant. That such a plea was offered may suggest that "specific facts" *exist* that would tend to exonerate Valjato of federal felony charges. But it does not identify which portions of the indictment are lacking in the requisite factual specificity, or explain why the indictment was insufficiently particular for failure to include exculpatory evidence. Indeed, while the government was required to turn over material exculpatory evidence to defendants, *see Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), it was under no obligation to include reference to such facts *in the indictment, see Pirro,* 212 F.3d at 92.

■ Valjato also seems to have sought a bill of particulars from the government, which apparently refused to provide him with one. However, there is no indication that Valjato moved for an order from the District Court requiring the government to provide such a bill. Moreover, although Valjato mentioned in open court the government's refusal to provide a bill of particulars, he did not argue then—as he does now—that the indictment failed to specify which of the "sexual act[s]" set forth in 18 U.S.C. § 2246(2) were charged against him. Rather, Valjato argued only that the threats that he had allegedly made against Vincent were not spelled out in the indictment *"in haec verba,"* and that the exact location where the incident allegedly occurred was not described in the indictment.

---

7. As noted above, Crowley joined Valjato's motion "to the extent that [it] appl[ied] to him." We assume that by employing this commonplace trial technique, Crowley joined Valjato's motion to dismiss such that if Valjato raised an objection to the specificity of the indictment in his pretrial motion, Crowley did so as well. *See generally* 24 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 612.06 (3d ed. 2000) (describing circumstances under which one defendant's pretrial objection is imputed to a co-defendant).

Accordingly, we conclude that Valjato and Crowley failed to raise their objection to the specificity of the indictment before trial as required by FED.R.CRIM.P. 12(b)(2), and that therefore they waived that objection. *See* FED.R.CRIM.P. 12(f) ("Failure by a party to raise ... objections ... which must be made prior to trial ... shall constitute waiver thereof.").

■ Our inquiry, however, is not over. Although a defendant waives his right to press certain objections, including objections to the specificity of the indictment, by failing to raise them before trial as required by FED.R.CRIM.P. 12(b)(2), the District Court may grant relief from such a waiver upon a showing by the defendant of "cause" for non-compliance with the Rule. *See* FED.R.CRIM.P. 12(f) ("The court for cause shown may grant relief from the waiver."); *Davis*, 411 U.S. at 242, 93 S.Ct. 1577 ("[T]he necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected ... in the absence of the showing of 'cause' which ... [Rule 12(f)] requires."). In this case, the District Court held that if Crowley and Valjato's "challenge had in fact been waived, the Court nevertheless would grant relief from the waiver, prejudice and good cause having been shown." *Crowley*, 79 F.Supp.2d at 155.

■ We review a District Court's grant or denial of relief from a Rule 12(f) waiver for abuse of discretion or clear legal error. *See United States v. Howard*, 998 F.2d 42, 52 (2d Cir.1993). Here, the District Court made a clear legal error: it did not explain how defendants had shown cause for their non-compliance with FED. R.CRIM.P. 12(b)(2), and we have found

nothing in the record that would explain why defendants did not raise their objection to the specificity of the indictment before trial in an adequately particularized manner (nor has anything in the record to that effect been brought to our attention).[8]

We therefore conclude that defendants waived their objection to the specificity of the indictment by failing to raise it in a pretrial motion, and that the District Court's decision to relieve defendants of this waiver constituted clear legal error. Accordingly, defendants' motion for a new trial on the ground that the indictment was insufficiently specific should not have been granted.

**B.**

As an alternative basis for granting defendants' motion for a new trial, the District Court held that it should have given the requested charge on intoxication. *See Crowley*, 79 F.Supp.2d at 163–66. The government disagrees, and presses two substantial arguments, neither of which is persuasive.

■ First, the government contends that Crowley waived his right to a voluntary intoxication charge because he successfully objected during the trial to the admission of evidence that he had ingested the illicit drug "Ecstasy" on the night of the incident. However, we know of no authority for the proposition that by successfully objecting to the admission of *some* evidence, defendants waive their right to request and receive a jury charge that has a basis in that evidence that has *actually been admitted.*

---

8. We have suggested that as to claims that must be raised before trial pursuant to Rule 12(b)(1) or Rule 12(b)(3), but that are not raised then, the waiver that results by operation of Rule 12(f) can be overcome only by a showing of cause *and prejudice. See United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995) (Rule 12(b)(1)); *Howard*, 998 F.2d at 52 (Rule 12(b)(3)). Here, because we hold that Crowley and Valjato have not shown that there was cause for their failure to raise their objection to the specificity of the indictment before trial, we do not reach the question of whether they were prejudiced by their waiver of this claim, or whether the prejudice rule of *Forrester* and *Howard* applies to Rule 12(b)(2) cases such as this one.

Second, the government maintains that, in the circumstances presented here, the District Court was not required to give the requested charge. We disagree. A defendant's entitlement to a particular jury charge raises a question of law that we review *de novo*. *See United States v. Russo*, 74 F.3d 1383, 1392 (2d Cir.1996). Nearly five decades ago, we made it clear that a "criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." *United States v. O'Connor*, 237 F.2d 466, 474 n. 8 (2d Cir.1956). We have had occasion only recently to restate this basic principle. *See United States v. Bok*, 156 F.3d 157, 163 (2d Cir.1998) ("[A] criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court.") (internal quotation marks omitted).

Here, the relevant "theory of defense" was that Crowley and Valjato were too intoxicated to form the specific intent required to commit the crimes of attempted sexual abuse and attempted aggravated sexual abuse. *See generally United States v. Sneezer*, 900 F.2d 177, 179–80 (9th Cir. 1990) (holding that attempted sexual abuse is a specific intent crime to which voluntary intoxication is a defense). As the District Court noted, the evidence presented at trial provided a "foundation" for this theory. *See Crowley*, 79 F.Supp.2d at 165 (collecting evidence that Crowley was, *inter alia*, "agitated and distracted" during the incident; "appeared to Vincent to be intoxicated or stoned"; and seemed to be carrying a bag of narcotics); *id.* (collecting evidence that Valjato was, *inter alia*, sitting on the floor outside Vincent's room before the incident, "head against his knees, leaning against the door frame"; unable to climb up onto her bed without slipping; and could not remember the incident because he had been "all fucked up").

Whether to infer from this evidentiary foundation that Crowley and Valjato were too intoxicated specifically to intend to sexually abuse Vincent (and/or to do so in an aggravated manner) was a question for the jury. Accordingly, the requested charge should have been given, and, on this basis, the motion for a new trial was properly granted.

### III.

For the reasons stated above, we hold that to raise a pretrial objection to the specificity of an indictment within the meaning of Rule 12(b)(2), a defendant must apprise the District Court of the particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required. In addition, we hold that a requested voluntary intoxication charge should be read to the jury when there is some foundation in the evidence presented at trial for the conclusion that a defendant was too intoxicated to form the specific intent required to commit the charged crime. Accordingly, we:

(1) REVERSE the District Court's decision to grant defendants' motion for a new trial insofar as it rested on the ground that the indictment was insufficiently specific;

(2) AFFIRM the District Court's decision to grant defendants' motion for a new trial insofar as it rested on the ground that the requested voluntary intoxication charge should have been read to the jury; and

(3) REMAND for a new trial.