UNITED STATES of America,
Appellee,

v.

Edgar ORTEGA, Defendant–Appellant.

No. 02–1503.

United States Court of Appeals,
Second Circuit.

Dec. 8, 2003.

Labe M. Richman, New York, NY, for
Defendant–Appellant.

James G. Cavoli, Assistant, United States Attorney, New York, N.Y. (James B. Comey, United States Attorney, and Steven R. Glaser, Assistant United States Attorney), for Appellee, of counsel.

Present: JACOBS, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Edgar Ortega appeals from a conviction on two criminal counts after a three-day jury trial in the United States District Court for the Southern District of New York (Cote, *J.*). Ortega, one of the alleged leaders of a family-run crack cocaine and heroin distribution organization in the Bronx, was convicted of conspiracy to distribute and possess with intent to distribute five grams and more of crack cocaine and heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846 and distributing and possessing with intent to distribute 3.5 grams of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 860. He was sentenced to 80 years' incarceration and is currently serving his sentence. Ortega appeals his conviction on numerous grounds. Familiarity with the facts of this case is presumed.

*Alleged Brady Violation*

■ For the first time on appeal, Ortega claims that the Government violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Ortega argues that, contrary to the Government's disclaimer of knowledge concerning any exculpatory evidence, federal prosecutors failed to disclose that they possessed an exculpatory "buy report" completed by an undercover police officer describing a drug purchase from a heroin dealer whom he referred to as "J.D. Bubble." Although this officer—a chief prosecution witness—identified Ortega as the man whom he had earlier referenced as "J.D. Bubble," the physical description of "J.D. Bubble" entered in this "buy report" differed from the physical description of Ortega that was indicated in his 1998 mug shot pedigree form. This "buy report" was eventually turned over to Ortega's counsel along with a large group of other documents four days before trial in compliance with a court-determined discovery deadline. Ortega claims that this disclosure violated this Court's applications of *Brady* since it deprived the defense of a reasonable opportunity to investigate the information.

Since Ortega did not object to this last-minute *Brady* disclosure, either at trial or in his post-trial motions, our standard of review for this claim is the "plain error" analysis of *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Failure to disclose alleged exculpatory evidence in a prompt manner violates *Brady* only if "there is a reasonable probability that the government's suppression affected the outcome of the case." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir.2001); *accord Strickler v. Greene*, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Ortega alleges a number of prejudicial consequences of the allegedly late and "buried" disclosure of the "buy report" including, *inter alia*: (1) that the late disclosure of the "buy report" set into motion a chain of retrospectively unwise pretrial evidentiary decisions by Ortega's counsel; (2) that the late disclosure prevented Ortega from searching for the "real J.D. Bubble," and (3) that late disclosure of the "buy report" prevented his counsel from realizing the importance of introducing additional evidence at trial related to Ortega's physical appearance at the time of the "buy report."

These speculative assertions ignore other corroborating evidence at trial that supported Ortega's identification as "J.D. Bubble" and do not support a reasonable probability that the "buy report" affected the trial outcome under a "plain error" standard of review. This claim is without merit.

*Alleged Jencks Act Violation*

■ Ortega argues that the trial court erroneously refused to grant him a new trial for the Government's alleged violation of the Jencks Act, 18 U.S.C. § 3500. Ortega cites the prosecution's failure to produce a handwritten notation made on a photograph from a pre-arrest photo identification of Ortega by a Government witness. This claim was considered by the district court in its July 17, 2002 Opinion and Order, which concluded that the notation did not constitute a "statement" under the Jencks Act because it was not contemporaneous with the oral statement of the Government's witness and therefore was not covered by the Jencks Act. In any case, the district court found that the failure of prosecutors to produce the notation was inadvertent, which means that Ortega could secure a new trial only by showing prejudice from the nondisclosure. Since the district court found that the notation would have undermined Ortega's defense, the district court held that no prejudice resulted from the prosecution's failure to produce the notation.

This Court will uphold the denial of a motion for a new trial under Fed. R.Crim.P. 33 unless there is a clear "abuse of discretion" by the district court. *United States v. Brunshtein,* 344 F.3d 91, 101 (2d Cir.2003). Ortega's chief attack is that the district court erred in finding the post-trial testimony of the Government's witnesses to be credible. We find no clear error in the district court's factual findings and we conclude that, even if the notation constituted a "statement" within the meaning of the Jencks Act, "there is no substantial probability that had the evidence been disclosed, the result would have been different." *United States v. Gonzalez,* 110 F.3d 936, 943 (2d Cir.1997).

*Appellant's Waiver of the Right to Suppress Evidence*

■ Based on trial testimony by Government witnesses, Ortega speculates that physical evidence seized on his property *might* have been seized illegally, which would belie the prosecution's pretrial representations to Ortega's counsel that all evidence was properly seized under the Fourth Amendment as the items in question were in plain view. On appeal, Ortega now argues that this alleged "misrepresentation" dissuaded his counsel from filing a pretrial suppression motion under Fed. R.Crim.P. 12(b)(3) and helped deprive him of effective assistance by his counsel.

The district court's December 13, 2001 Opinion and Order stated, in the context of a motion by Ortega under Rule 12, that it found "nothing in [police] testimony [to be] inconsistent with the discovery of [evidence] in plain view" and that counsel's failure to suppress the evidence was a strategic decision. A district court's decision to deny relief from a Rule 12 waiver is reviewed for abuse of discretion or clear legal error. *See United States v. Crowley,* 236 F.3d 104, 110 (2d Cir.2000). We see neither. Ortega's claim of an invalid waiver is therefore meritless. Moreover, to the extent that Ortega raises a claim that his counsel was ineffective in not moving to suppress the evidence, we decline to review that matter on the record now before us. Ortega may pursue this claim in a § 2255 petition. *See Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003).

Ortega also claimed that the Government erred in not disclosing his pre-arrest

photo identification by a Government witness. We conclude that, even if there was such an error, it was without prejudice and does not merit a new trial. *See United States v. Thomas,* 239 F.3d 163, 167 (2d Cir.2001).

We have examined Ortega's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**