UNITED STATES of America,
Appellee,

v.

Roberto BERAS, Defendant–Appellant.

No. 04–3978–CR.

United States Court of Appeals,
Second Circuit.

March 31, 2005.

Samidh Guha, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Adam B. Siegel, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Roberto Beras, Lisbon, OH, for Appellant, pro se.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Shirley Wohl Kram, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Roberto Beras, *pro se*, appeals from the district court's order denying his post-conviction motion to dismiss the indictment on the ground that the Government had engaged in selective prosecution. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues. We review a district court's denial of a selective prosecution challenge *de novo*. *See United States v. Jibori*, 149 F.3d 125, 127 (2d Cir.1998) (per curiam). Under Rule

12(b)(3)(A), a defendant may make a motion, before trial, "alleging a defect in instituting the prosecution." If the defendant fails to bring such a motion before trial, the defendant waives the defense, unless the defendant can show (1) good cause for failing to raise the issue in a timely manner, and (2) "actual prejudice arising from the waiver." *Howard*, 998 F.2d at 52 (discussing predecessor version of Rule 12); *see* Fed.R.Crim.P. 12(e) (providing that a party waives a Rule 12(b) defense not raised by the trial court's pre-trial motion deadline, unless "[f]or good cause, the court ... grant[s] relief from the waiver"). We review a district court's decision to excuse the untimeliness of a motion brought under Federal Rule of Criminal Procedure 12 for abuse of discretion or clear legal error. *See United States v. Crowley*, 236 F.3d 104, 110 (2d Cir.2000); *United States v. Howard*, 998 F.2d 42, 52 (2d Cir.1993).

As a preliminary matter, we note that the district court committed clear legal error in excusing Beras's waiver of the defense without determining that he was actually prejudiced by the waiver. *See Howard*, 998 F.2d at 52. Further, although Beras's claim that he only received the materials relevant to his selective prosecution claim during trial might have explained his failure to file for Rule 12 relief *before* trial, it cannot explain his failure to file before the verdict was returned in his case, before judgment was entered, or before that judgment was affirmed on appeal by this court, *see United States v. Dinero Express, Inc.*, 313 F.3d 803 (2d Cir.2002). However much discretion a district court enjoys to entertain a Rule 12 motion once trial has begun, it is doubtful that its discretion extends beyond verdict and judgment. At that point, any selective prosecution challenge would likely have to be raised either on direct appeal or in a petition for habeas corpus relief. We need not

pursue this issue further, however, because even if we were to conclude that the Rule 12 motion was properly entertained, the district court's rejection of the motion on the merits was undoubtedly correct. As the district court correctly found, Beras failed to present evidence sufficient to demonstrate that: (1) others, similarly situated to him and his company, Dinero Express, Inc., had not been prosecuted for money laundering; or (2) the Government's decision to prosecute him was based on an impermissible consideration such as race. *See United States v. Armstrong*, 517 U.S. 456, 464–65, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996); *United States v. Fares*, 978 F.2d 52, 59–60 (2d Cir.1992). The judgment of the district court is accordingly AFFIRMED.