Francis **CROWLEY,** Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 06–0596–pr.

United States Court of Appeals, Second Circuit.

April 25, 2008.

Howard M. Simms, New York, NY, for Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Cynthia M. Monaco, Assistant United States Attorneys, Brooklyn, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

### SUMMARY ORDER

Francis Crowley appeals from an order of the district court entered December 12, 2005, denying Crowley's motion to alter or amend the district court's judgment entered September 13, 2005, denying Crowley's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Crowley v. United States,* No. CV 04–4342, 2005 WL 2271868 (E.D.N.Y. Sept.13, 2005).

In 2002, Crowley was convicted after a second trial of one count of attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241(a). The facts related to Crowley's first and second trials are set out in more detail in our opinions first remanding for a new trial in *United States v. Crowley,* 236 F.3d 104 (2d Cir.2000), then affirming the judgment after the second trial on direct appeal in *United States v. Crowley,* 318 F.3d 401 (2d Cir.2003).

On September 30, 2004, Crowley filed a motion pursuant to 28 U.S.C. § 2255 alleging a variety of errors at trial. He included a claim that his trial counsel, Valerie Amsterdam, rendered ineffective assistance to him. The district court denied the motion, *see Crowley,* 2005 WL 2271868, at *9, and Crowley filed a motion to alter or amend the district court's judgment. The district court denied Crowley's motion to alter or amend the judgment on December 12, 2005. We granted a certificate of appealability as to the district court's decision on the December 12, 2005, motion with respect to whether Crowley's trial counsel, Valerie Amsterdam, was ineffective. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

We conclude that the district court did not abuse its discretion in denying Crowley's motion to amend or alter the judgment. We agree with the district court that Amsterdam's failure to call additional witnesses to rebut the government's evidence that Crowley attempted to penetrate digitally the victim's vagina was a plausible strategic decision to deflect attention from damaging evidence, and one that courts rarely second-guess. *See United States v. Luciano,* 158 F.3d 655, 660 (2d Cir.1998). Additionally, the fact that Amsterdam was, after Crowley's trial, the subject of a criminal investigation does not show that she was constitutionally ineffective while representing him at trial.

On appeal, Crowley raises additional evidence arising out of Amsterdam's criminal indictment and conviction that Amsterdam abused certain prescription and illegal drugs at the time she represented Crowley at trial. However, Crowley has never presented this evidence to the district court, either in his section 2255 motion or in his

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Ver- mont, sitting by designation.

motion to alter or amend the judgment. The district court's failure to consider evidence that was not before it was not an abuse of discretion. We offer no view, of course, as to the probative weight or legal effect of such evidence should Crowley seek to proffer it in connection with seeking permission to file a second habeas petition. *See* 28 U.S.C. § 2255(h)(1).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.