12-3722-cr
United States v. Moore

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand thirteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,

           v.                                    No. 12-3722-cr

WENDELL MOORE,
                  *Defendant-Appellant*,

JERMAINE CROSSMAN, a/k/a German, a/k/a Germ, a/k/a Jay,
                  *Defendant*.*
------------------------------------------------------------------------

FOR APPELLANT:          James M. Branden, Esq., New York, New York.

FOR APPELLEE:           David C. James, Susan Corkery, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney

------------------------------

* The Clerk of Court is directed to amend the official caption as shown above.

1

for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 10, 2012, is AFFIRMED.

Defendant Wendell Moore, who stands convicted after a jury trial of conspiratorial and substantive trafficking in 50 grams or more of cocaine base, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, here challenges (1) the district court's denial of his untimely motion to suppress inculpatory custodial statements made after an Assistant United States Attorney had declined prosecution, and (2) the sufficiency of the evidence supporting his conviction. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Suppression Motion

Although Moore filed a timely motion to suppress the evidence found in his vehicle on October 21, 2010, which motion the court denied on December 21, 2010, he waited eight months, until June 13, 2011, a week before trial was set to begin, to move to suppress inculpatory statements made while in custody. We review a district court's decision not to entertain an untimely suppression motion for abuse of discretion or clear error, which is not present here. See United States v. Crowley, 236 F.3d 104, 110 (2d Cir. 2000); see also Fed. R. Crim. P. 12(e).

A district court may grant relief from an untimely motion "upon a showing of: (1) cause for the defendant's non-compliance, and (2) actual prejudice arising from the waiver." United States v. Howard, 998 F.2d 42, 52 (2d Cir. 1993). Moore fails to satisfy either element. First, his lawyer's belated identification of the issue cannot constitute cause affording relief. See, e.g., United States v. Yousef, 327 F.3d 56, 125 (2d Cir. 2003) (holding that attorney "inadvertence" in recognizing issue is "insufficient to establish cause" for untimely motion (internal quotation marks omitted)). Second, even if Moore could establish cause, he fails to demonstrate prejudice. Moore does not, and cannot, claim that agents lacked probable cause to detain him. Nor does the record indicate undue delay in effecting Moore's release from custody after the prosecutor's decision. To the contrary, Moore made his inculpatory statements to an agent in the parking lot after he was released. Having failed to establish cause or prejudice, Moore cannot demonstrate that the district court abused its discretion or clearly erred in failing to entertain his untimely suppression motion.

2.    Sufficiency

While we review a sufficiency challenge de novo, we are obliged to view the evidence in the light most favorable to the verdict and to uphold the conviction as long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Here, the jury heard evidence that Moore was arrested driving a Toyota 4-Runner whose spare tire contained approximately one kilogram of crack. A confidential informant testified to helping secrete the crack in the tire at the behest of Mark Slocombe, whom agents observed delivered the

3

4-Runner to Moore, who then bent down to check the undercarriage where the tire was located.

After being taken into custody and given <u>Miranda</u> warnings, Moore admitted to knowingly taking possession of the kilogram of crack. He stated that the drugs had been supplied by Slocombe, that Moore planned to pay $30,000 for the kilo, and that he expected to realize $6,000 to $7,000 in profits from the sale of the drugs. Insofar as Moore claims that an agent's account of his confession lacked credibility because it was uncorroborated, that argument goes to the weight, and not the sufficiency, of the evidence. <u>See</u> <u>United States v. Florez</u>, 447 F.3d 145, 155 (2d Cir. 2006). Viewing the evidence "in the light most favorable to the government, [and] assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution," <u>United States v. Abu-Jihaad</u>, 630 F.3d 102, 134 (2d Cir. 2010), we easily conclude that Moore's sufficiency challenge is meritless.

We have considered Moore's remaining arguments and conclude that they too are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4